IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT C. KONOP,<br><br>　　　　Appellant,<br><br>　　vs.<br><br>HAWAIIAN AIRLINES, INC.,<br><br>　　　　Appellee.<br>_____<br><br>*In re* HAWAIIAN AIRLINES, INC.,<br>Chapter 11 Bankruptcy.<br>_____ | CIVIL NO. 08-00538 HG-KSC<br><br>**ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S CONCLUSION OF CONTEMPT AND ITS GRANT OF HAWAIIAN AIRLINES' MOTION TO ENFORCE DISCHARGE INJUNCTION; ORDER DENYING ROBERT KONOP'S REQUEST FOR JUDICIAL NOTICE** |

**ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S CONCLUSION OF CONTEMPT AND ITS GRANT OF HAWAIIAN AIRLINES' MOTION TO ENFORCE DISCHARGE INJUNCTION; ORDER DENYING ROBERT KONOP'S REQUEST FOR JUDICIAL NOTICE**

Appellee Hawaiian Airlines, Inc. emerged from bankruptcy protection in 2005 after the United States Bankruptcy Court for the District of Hawaii entered an Order Confirming a Joint Plan of Reorganization ("Confirmation Order") for the airline. As part of the Confirmation Order, the Bankruptcy Court enjoined any party from asserting or prosecuting a discharged claim against Hawaiian Airlines, Inc., that accrued prior to the date of filing of the Confirmation Order. The Bankruptcy Court subsequently held on November 24, 2008, that Appellant Robert Konop had violated the Confirmation Order, and ordered dismissal of the claims that he had commenced against Hawaiian Airlines,

1

Inc. The Bankruptcy Court also imposed sanctions against the Appellant. Robert Konop now appeals the Bankruptcy Court's November 24, 2008 Order.

Appellant Robert Konop's Request for Judicial Notice (Doc. 29) is **DENIED**. Appellant Robert Konop's Appeal of the Bankruptcy Court's Conclusion of Contempt and its Grant of Hawaiian Airlines' Motion to Enforce Discharge Injunction (Doc. 7) is **DENIED**.

## **PROCEDURAL HISTORY**

On January 21, 2009, Appellant Robert Konop ("Appellant" or "Konop") filed an Appeal of the Bankruptcy Court's Conclusion of Contempt and its Grant of Hawaiian Airlines' Motion to Enforce Discharge Injunction. (Doc. 7, "Appeal".) On the same day, Appellant filed Excerpts of Record from the bankruptcy proceeding. (Docs. 8, 9.)

On February 13, 2009, Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") filed an Opening Brief. (Doc. 11, "Opposition".) On the same day, Appellee filed Supplemental Excerpts of Record from the bankruptcy proceeding. (Doc. 12.)

On February 23, 2009, Appellant filed a Reply Brief in Support of his Appeal of the Bankruptcy Court's Conclusion of Contempt and its Grant of Hawaiian Airlines' Motion to Enforce Discharge Injunction. (Doc. 21, "Reply".)

On February 27, 2009, Appellant filed a Request for Judicial Notice in Support of his Appeal of the Bankruptcy Court's Conclusion of Contempt and its Grant of Hawaiian Airlines' Motion to Enforce Discharge Injunction. (Doc. 29, "Judicial Notice".)

On March 12, 2009, Appellee filed an Opposition to Robert C. Konop's Request for Judicial Notice. (Doc. 30, "Opposition to Judicial Notice".)

On March 16, 2009, Appellant filed a Reply Brief in Support of his Request for Judicial Notice. (Doc. 32, "Reply for Judicial Notice".)

The Court filed a Minute Order on March 20, 2009 (Doc. 33), indicating that both the Appeal and the Request for Judicial Notice would be decided without a hearing.

## BACKGROUND

I.  **Bankruptcy Proceedings**

From March 21, 2003, through June 2, 2005, Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") was a debtor-in-possession operating pursuant to Chapter 11 of the Bankruptcy Code.

The United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") entered an Order Confirming the Third Amended Joint Plan of Reorganization ("Joint Plan") filed by

Chapter 11 Trustee, the Official Committee of Unsecured Creditors, Hawaiian Holdings, Inc., HHIC, Inc., and RC Aviation, LLC, dated as of March 11, 2005. (Appellant's Excerpts of Record Ex. 23, "Confirmation Order".) The Confirmation Order was filed on May 18, 2005 ("Confirmation Date"). The Confirmation Order stated that upon Hawaiian Airlines' emergence from bankruptcy protection, the airline would obtain a number of legal protections. One such protection was a statutory discharge, under Section 1141 of the Bankruptcy Code, of Hawaiian Airlines' liability for claims that arose prior to the May 18, 2005, Confirmation Date:

> [E]xcept as otherwise provided for in the Joint Plan[1], the Debtor and Reorganized Debtor [Hawaiian Airlines] shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Administrative Expense Claims, Claims, and Interests, including, but not limited to, demands, liabilities, Administrative Expense Claims, Claims, and Interests that arose before the Confirmation Date . . .
> (Appellant's Excerpts of Record Ex. 23 at § 24.)

In connection with that statutory discharge, the Confirmation Order granted Hawaiian Airlines an injunction that barred any party from asserting or prosecuting discharged claims against the airline:

---

[1] The Joint Plan does not provide any exceptions that are applicable in this case. Section 13.4 of the Joint Plan states: "Except as provided in the Joint Plan or the Confirmation Order, Confirmation will discharge the Debtor and Reorganized Debtor from all Claims, Administrative Expense Claims or other debts that arose before the Confirmation Date . . ." (Appellee's Supplemental Excerpts of Record Ex. 45.)

4

> [A]ll persons and entities who have held, currently hold, or may hold a debt, Administrative Expense Claim, Claim, or Interest discharged pursuant to the terms of the Joint Plan . . . shall be deemed permanently enjoined from taking any of the following actions on account of any such discharged debt, Administrative Expense Claim, Claim, or Interest: (1) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, the Trustee, the Reorganized Debtor, or their respective property or successors . . . (Appellant's Excerpts of Record Ex. 23 at § 26.)

The Confirmation Order further states that "[a]ny person or entity injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator." Id.

On June 2, 2005, Hawaiian Airlines issued a notice stating the terms of the statutory discharge and the injunction entered by the Bankruptcy Court. The notice also stated that "ANY PERSON OR ENTITY INJURED BY ANY WILLFUL VIOLATION OF SUCH INJUNCTION SHALL RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES, AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR." (Appellant's Excerpts of Record Ex. 22.)

**II. Robert C. Konop's Litigation Against Hawaiian Airlines**

Hawaiian Airlines terminated Appellant Robert C. Konop's ("Appellant" or "Konop") employment as a pilot for the airline on April 20, 2005 - approximately one month prior to the

Confirmation Date. In response to his termination, Konop commenced three separate legal proceedings. Hawaiian Airlines alleges that two of the three proceedings are in violation of the Confirmation Order of the Bankruptcy Court.

First, Konop commenced litigation against Hawaiian Airlines on April 17, 2007, in the Superior Court in California, asserting claims for wrongful termination, retaliation, and defamation arising from Hawaiian Airlines' termination of his employment. The action was removed to the United States District Court for the Central District of California on July 16, 2007 ("California Litigation"). Konop's defamation claim was subsequently dismissed on the merits by the California District Court. Hawaiian Airlines argues that this proceeding is in violation of the Confirmation Order.

Second, Konop filed a complaint with the California Department of Industrial Relations ("CDIR") against Hawaiian Airlines. The CDIR complaint alleged retaliation in violation of the California Labor Code, and was based upon the same facts alleged in the complaint before the Central District of California. The CDIR complaint was subsequently dismissed on July 11, 2008. (Opposition at 14.) Konop filed an administrative appeal of the dismissal on July 16, 2008. (Id.) Hawaiian Airlines argues that this proceeding is also in violation of the Confirmation Order.

Third, Konop commenced arbitration proceedings under the collective bargaining agreement between Hawaiian Airlines and the Air Line Pilots Association. Hawaiian Airlines does not, however, argue that this proceeding is in violation of the Confirmation Order. Hawaiian Airlines does not seek to enjoin the arbitration proceedings in this action.

On September 4, 2008, counsel for Hawaiian Airlines sent a letter to Konop informing him that the claims presently before the Central District of California Court were discharged by the Bankruptcy Court. (Appellant's Excerpts of Record Ex. 14.) Counsel for Hawaiian Airlines demanded that Konop withdraw his claims and terminate the action, or Hawaiian Airlines would seek an order from the Bankruptcy Court (1) holding Konop in contempt for violating the Confirmation Order, and (2) imposing sanctions against Konop in order to compensate Hawaiian Airlines for the costs incurred in defending the discharged claims. (Id.)

On September 19, 2008, counsel for Hawaiian Airlines wrote a second letter to Konop that reiterated that same points raised in the first letter. (Appellant's Excerpts of Record Ex. 12.) The September 19, 2008, letter stated, once again, that Hawaiian Airlines would move for contempt, and seek damages against Konop for the legal costs incurred by the airline. (Id.)

Konop did not withdraw his claims from the Central District of California Court. On October 17, 2008, Hawaiian

Airlines filed a motion with the Bankruptcy Court seeking the entry of an order: (1) enforcing the discharge granted to Hawaiian Airlines pursuant to 11 U.S.C. §§ 524, 1141; (2) enforcing the Confirmation Order; and (3) imposing sanctions against Konop for willful violation of the Confirmation Order. (Appellant's Excerpts of Record Ex. 11.) On November 24, 2008, the Bankruptcy Court granted Hawaiian Airlines' motion (Appellant's Excerpts of Record Ex. 4, "11/24/08 Bankruptcy Court Order"). On December 16, 2008, after additional briefing by the parties regarding the appropriate sanctions amount, the Bankruptcy Court imposed sanctions against Konop in the amount of $101,157.43. (Appellant's Excerpts of Record Ex. 2, "12/16/08 Bankruptcy Court Order".) On December 23, 2008, the Bankruptcy Court entered Judgment against Konop. (Appellant's Excerpts of Record Ex. 1.)

Appellant now appeals the Bankruptcy Court's decision to (1) enforce the statutory discharge and injunction, and (2) impose sanctions against Konop. Appellant also requests judicial notice of two letters relating to the arbitration proceedings he commenced pursuant to the collective bargaining agreement. The letters concern ethics complaints filed by Konop against James F. Scearce, the chairman of the arbitration panel that adjudicated Konop's dispute with Hawaiian Airlines.

**STANDARD OF REVIEW**

A bankruptcy court's conclusions of law are reviewed *de novo* and its factual findings are reviewed for clear error. Burcena v. Bank One, 2007 U.S. Dist. LEXIS 73408, at *7 (D. Haw. Sept. 28, 2007) (citing Dawson v. Wash. Mut. Bank, F.A., 367 F.3d 1174, 1177 (9th Cir. 2004)); In re Olshan, 356 F.3d 1078, 1083 (9th Cir. 2004). The bankruptcy court's findings of fact must be accepted unless the district court is left with the definite and firm conviction that a mistake has been committed. Id.; Latman v. Burdette, 366 F.3d 774, 781 (9th Cir. 2004).

The merits of an order imposing sanctions are reviewed under the standard for abuse of discretion. Mendez v. County of San Bernardino, 540 F.3d 1109, 1130 (9th Cir. 2008). An abuse of discretion may be found where the lower court based its decision on an erroneous legal standard or on clearly erroneous findings of fact. U.S. v. Peninsula Communications, Inc., 287 F.3d 832, 839 (9th Cir. 2002).

**ANALYSIS**

**I.   The Statutory Discharge and Injunction**

Pursuant to the Confirmation Order of the Bankruptcy Court, all non-contractual claims[2] relating to Konop's

---

    2   Konop's arbitration proceedings against Hawaiian Airlines were commenced under the collective bargaining agreement

termination by Hawaiian Airlines were discharged by the Bankruptcy Court because Appellant's termination occurred prior to the Confirmation Date. (Appellant's Excerpts of Record Ex. 23.) Appellant was therefore barred from asserting or prosecuting any such claims against the airline. (Id. at § 26.)

Despite the Bankruptcy Court's Confirmation Order, Konop commenced litigation against Hawaiian Airlines in California in April 2007 for wrongful termination, retaliation, and defamation. Konop also pursued his claims against Hawaiian Airlines with the California Department of Industrial Relations ("CDIR"). In response to Konop's litigation, the Bankruptcy Court granted Hawaiian Airlines' motion to enforce the Confirmation Order. (Appellant's Excerpts of Record Ex. 4.) The Bankruptcy Court ordered that Konop: (1) dismiss with prejudice the tort claims against Hawaiian Airlines pending in California; and (2) dismiss with prejudice the CDIR Appeal.

The Bankruptcy Court's Order was based, in part, on Section 524(a)(2) of the Bankruptcy Code, which states that a discharge of claims "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge

---

between Hawaiian Airlines and the Air Line Pilots Association. The arbitration proceedings were guaranteed by contract, and were not enjoined by the Confirmation Order of the Bankruptcy Court.

10

of such debt is waived." 11 U.S.C. § 524(a)(2). Hawaiian Airlines had received the protection of this statutory injunction on the May 18, 2005, Confirmation Date.

Konop does not dispute that his employment with Hawaiian Airlines was terminated approximately one month prior to the Confirmation Date. (See Appeal at 2 ("On April 20, 2005, Hawaiian Airlines fired Captain Robert Knopp . . .").) Konop also concedes that he received written notification of his termination prior to the Confirmation Date. (Appellee's Supplemental Excerpts of Record Ex. 77 at ¶ 20.) The Bankruptcy Court correctly held that, as a matter of law, the tort claims alleged by Konop in the California litigation and in the CDIR proceeding arose prior to the entry of the Confirmation Order.[3] See O'Loghlin v. County of Orange, 229 F.3d 871, 874 (9th Cir. 2000) ("[A] claim arises, for purposes of discharge in bankruptcy, at the time of the events giving rise to the claim, not at the time plaintiff is first able to file suit on the claim.")

In addition, Konop's Due Process rights were not violated due to inadequate notice. "The standard for what amounts to constitutionally adequate notice . . . is fairly low; it's 'notice reasonably calculated, under all the circumstances, to

---

[3] The Confirmation Order did allow a party to file an "Administrative Expense Claim" within 30 days after the "Effective Date" of the Joint Plan. The Effective Date of the Joint Plan occurred on June 2, 2005. Konop did not file an Administrative Expense Claim within the mandated deadline.

11

apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" Espinosa v. United Student Aid Funds, Inc., 545 F.3d 1113, 1122 (9th Cir. 2008). Hawaiian Airlines served Konop with a copy of the Joint Plan, along with the Notice of the Effective Date. (Opposition at 24.) In addition, the Bankruptcy Court stated that Konop was "personally and actively involved in the confirmation process. He was served with the plan and in fact objected to it. He is charged with notice of all of its provisions, including the injunctive provisions." (Appellant's Excerpts of Record Ex. 7 at 4.) These facts demonstrate that Konop's Due Process rights were not violated due to inadequate notice. Espinosa, 545 F.3d at 1122.

Finally, Appellant argues that the Bankruptcy Court erred by ordering Konop to entirely dismiss the causes of action before the United States District Court for the Central District of California, even though the causes of action also applied to 20 additional unnamed "Doe" defendants. (Appeal at 16.) Konop, however, never stated this objection to the Bankruptcy Court. (Opposition at 28.) The Ninth Circuit Court of Appeals has held that "[a]rguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below." Greenhow v. Secretary of Health

& Human Servs., 863 F.2d 633, 638-639 (9th Cir. 1988) (overruled on other grounds).

No "exceptional circumstances" exist in this situation, nor has Konop set forth any "convincing explanation" for his failure. The motion to enforce the Confirmation Order plainly stated that Hawaiian Airlines sought an order from the Bankruptcy Court "dismiss[ing], with prejudice, the wrongful termination and retaliation claims in the California Litigation" and "dismiss[ing], with prejudice, the pending CDIR Appeal." (Appellant's Excerpts of Record Ex. 11 at 22.) The motion to enforce the Confirmation Order provided Konop with full notice that Hawaiian Airlines sought dismissal of the "wrongful termination and retaliation claims" in their entirety. Konop had ample opportunity to object to these terms, but did not do so. Konop's failure to raise this objection before the Bankruptcy Court forecloses its assertion on appeal. Greenhow, 863 F.2d at 638-639.

Konop has not demonstrated "clear error" with the factual findings made by the Bankruptcy Court. Dawson, 367 F.3d at 1177; In re Olshan, 356 F.3d at 1083. In addition, the Bankruptcy Court correctly applied the law in granting Hawaiian Airlines' motion to enforce the Confirmation Order. The Bankruptcy Court properly ordered Konop to withdraw his pending tort claims before the United States District Court for the

Central District of California, and withdraw the CDIR appeal. (Appellant's Excerpts of Record Ex. 4.) The Court **DENIES** Appellant Robert Konop's Appeal with respect to the Bankruptcy Court's enforcement of the discharge injunction.

### II.   Sanctions

In response to Hawaiian Airlines' motion to enforce the Confirmation Order, the Bankruptcy Court held Konop in "contempt for violating the discharge," and ordered that he "pay sanctions to the Reorganized Debtor in an amount to be determined by further proceedings."(Appellant's Excerpts of Record Ex. 4.) After briefing by both parties on the amount of damages incurred by Hawaiian Airlines as a result of Konop's violation of the Confirmation Order, the Bankruptcy Court imposed sanctions against Konop in the amount of $101,157.43. (Appellant's Excerpts of Record Ex. 2.)

The Bankruptcy Court held that the "appropriate measure of monetary sanctions is the amount that is necessary to compensate the victim (the reorganized debtor) for expenses that it would not have incurred but for Mr. Konop's violation of the discharge." (Id.) The Bankruptcy Court further held that the "reorganized debtor has established that it incurred attorneys' fees and costs in the amount of $101,157.43 in defending itself against Mr. Konop's claims." (Id.) The Bankruptcy Court computed

fees and costs from August 14, 2008, onwards. (Id.) This was the date on which counsel for Hawaiian Airlines began to analyze the applicability of the discharge injunction to Konop's claims. (Id.) On December 23, 2008, the Bankruptcy Court entered a Judgment against Konop in the amount of the sanction. (Appellant's Excerpts of Record Ex. 1.)

There was no abuse of discretion by the Bankruptcy Court in ordering sanctions in the amount of $101,157.43 against Konop. Mendez, 540 F.3d at 1130. Both the 11/24/08 and 12/16/08 Bankruptcy Court Orders were based on sound findings of material fact and correctly applied the relevant law. Peninsula Communications, 287 F.3d at 839. The Court **DENIES** Appellant Robert Konop's Appeal with respect to the Bankruptcy Court's imposition of sanctions.

### III. Request for Judicial Notice

In support of his Appeal, Konop has filed a Request for Judicial Notice of two letters related to the arbitration proceedings he commenced pursuant to the collective bargaining agreement. (Doc. 29.) The two letters concern ethics complaints filed by Konop against James F. Scearce, the chairman of the arbitration panel that adjudicated Konop's dispute with Hawaiian Airlines.

These two letters have no bearing upon the legal issues

raised in this Appeal and are not subject to judicial notice. Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 392 n.7 (9th Cir. 2000) (holding that judicial notice should be denied to facts that are irrelevant to the issues on appeal). Hawaiian Airlines does not seek to enjoin Konop's arbitration proceedings under the collective bargaining agreement. See supra fn. 2. Hawaiian Airlines explicitly states in its briefing papers that "the Bankruptcy Court did not preclude Konop from asserting those rights and claims, which are contractual in nature and were preserved under [Hawaiian Airlines'] chapter 11 plan." (Opposition to Judicial Notice at 2.) In addition, the 11/24/08 Bankruptcy Court Order that granted Hawaiian Airlines' motion to enforce the Confirmation Order did not bear upon the arbitration proceeding in any way. (Appellant's Excerpts of Record Ex. 4; see also "Tentative Decision on Motion to Enforce Discharge Against Robert Konop," Appellant's Excerpts of Record Ex. 7 at 3.)

For these reasons, any facts or documents regarding the conduct of the arbitration proceedings under the collective bargaining agreement have no bearing upon the issues relevant to this Appeal. See Flick, 205 F.3d at 392 n.7. Appellant Robert Konop's Request for Judicial Notice (Doc. 29) is **DENIED**.

## CONCLUSION

Appellant Robert Konop's Appeal of the Bankruptcy

Court's Conclusion of Contempt and its Grant of Hawaiian Airlines' Motion to Enforce Discharge Injunction (Doc. 7) is **DENIED**.

Appellant Robert Konop's Request for Judicial Notice (Doc. 29) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 7, 2009.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

---

ROBERT C. KONOP v. HAWAIIAN AIRLINES, INC.; Civ. No. 08-00538 HG KSC; **ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S CONCLUSION OF CONTEMPT AND ITS GRANT OF HAWAIIAN AIRLINES' MOTION TO ENFORCE DISCHARGE INJUNCTION; ORDER DENYING ROBERT KONOP'S REQUEST FOR JUDICIAL NOTICE**